UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

_____

K.R.M., A.B.W., M.L.K., J.H.D., and M.A.M.    )
                                          )         CIVIL ACTION NO:  3:17-cv-578-DJH
                Plaintiffs,    )
                                          )
vs.    )
                                          )
LARUE COUNTY SCHOOL DISTRICT,    )        <u>COMPLAINT</u>
        Serve:  Sam Sanders, Superintendent    )
                   208 College Street    )
                   Hodgenville, Kentucky  42748    )
                                          )
STEPHEN KYLE GOODLETT,    )
        317 Bent Creek    )
        Elizabethtown, Kentucky  42701    )
                                          )
                    Defendants    )
_____    )

### INTRODUCTION AND NATURE OF THE ACTION

Cellular telephones store large amounts of personal and often very private data, including lists of contacts, text messages, photographs and videos.  A search of the device is not materially different than browsing through another person's address and appointment book, opening and reading personal letters sent by U.S. mail, rummaging through another person's family photo album or viewing their home videos. In this civil rights lawsuit, former students at LaRue County High School, individually and on behalf of the putative class of all similarly situated students, allege that school officials violated their rights to privacy, and the rights of those similarly situated students who are members of the putative class, from 2012 through 2016 when those officials seized and, without the respective students' permission,

searched the contents of their cellular telephones, and the cellular telephones of those similarly situated students who are members of the putative class, without the requisite suspicion and probable cause, and then published or otherwise disseminated personal information from those cellular telephones, including but not limited to nude and semi-nude photographs of such students, on public internet sites. The Plaintiffs further allege ancillary causes of action on their own behalf, and on behalf of all similarly situated students who are members of the putative class, under the Kentucky Constitution and Kentucky common law.

Specifically, the Plaintiffs allege that the Defendants' actions constituted a violation of their rights under the Fourth Amendment to the United States Constitution and Article I, Section 10 of the Kentucky Constitution. The Plaintiffs also allege that the Defendants' actions violate Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), *et seq.* The Defendants' actions also constitute negligence, invasion of privacy, outrage and libel under Kentucky common law.

Through this Complaint, the Plaintiffs ask this Court to certify a class of all similarly situated students and for the entry of judgment, (a) declaring that Defendants' actions were unconstitutional, unlawful and otherwise violative of their rights under Federal statutory and Kentucky common law; (b) awarding them, and all members of the putative class, monetary damages resulting from the Defendants' unconstitutional and unlawful conduct; (c) awarding them, and all members of the putative class, punitive damages; and (d) awarding them, and all members of the putative class, costs and attorneys fees.

## PARTIES

1.      Plaintiffs are each adults who were students at LaRue County High School during the period from 2012 to 2016, and during much of the relevant times herein, were minors.

2.      Defendant, LaRue County School District, is a school district operating in Kentucky under color of state law in LaRue County, Kentucky.

3.      Defendant, Stephen Kyle Goodlett, was the Principal of LaRue County High School, part of LaRue County School District, who at all relevant times herein was employed by the LaRue County School District and was acting under color of state law. He is being sued in his official and individual capacities.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' causes of action under the Constitution of the United States, 42 U.S.C. § 1983 and 20 U.S.C. § 1681(a), *et seq*. This Court has supplemental jurisdiction over Plaintiffs' cause of action under the Constitution of the Commonwealth of Kentucky and Kentucky common law, pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Defendant, LaRue County School District, because it is located in the Western District of Kentucky.

6.      This Court has personal jurisdiction over Defendant, Stephen Kyle Goodlett, who resides within the Western District of Kentucky.

7.      Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. §1391(a) in that all Defendants are subject to personal jurisdiction within the Western District of Kentucky, and the events that give rise to this action occurred within the Western District of Kentucky.

## FACTUAL BACKGROUND

8.      LaRue County High School ("LCHS"), located in Hodgenville, LaRue County, Kentucky, is a public high school and part of the LaRue County School District.

9.      The Plaintiffs are each female former students of LCHS during 2012 through 2016, and most are graduates therefrom, while the Defendant, Stephen Kyle Goodlett, served as Principal of LCHS.

A.      **LCHS Student Handbook Cellular Telephone Confiscation Policy**

10.     During all times relevant hereto, LCHS had adopted, and had in effect, a policy outlined in its student handbook related to cellular telephones and media devices which provided as follows:

### CELL PHONE/Media Device POLICY

Cell phones/Media Device may be permitted at school and on school property.

Cell phones/Media Device must remain in a student's pocket, purse, locker or backpack between the hours of 8 AM and 3:10 PM.

Any cell phone/Media Device seen between the hours of 8 AM and 3:10 PM will be confiscated by a school or district staff member.

Whenever a student's cell phone/media device is confiscated, the following actions will occur:

All Incidents
> The student's cell phone will be given to school administration and will be returned based on the policy outlined below.  The student's parent may be contacted by phone or e-mail.  The incident will be entered into the student's discipline file, and a warning will be entered on first offense and subsequent events are open to additional discipline if needed.

1st Incident
> The phone will be held until the end of the school day. Do not ask to leave class before the bell rings.  Phones will not be handed out until 3:10pm.   If the phone is confiscated after the beginning of 4th period the student

4

will be asked to submit the phone to administration the following day for one full school day.

2nd Incident
>    The phone will be held for three days.  It will be returned to the student at the end of school on the 3rd day.

3rd Incident
>    The phone will be held for seven days.  It will be returned to the student at the end of school on the 7th day.

4th Incident
>    The phone will be held for seven days.  It will be returned to the student at the end of school on the 7th day. However, the student will be asked to submit the phone each morning, to be held by the administration during school hours, for the remainder of the school year.

Additional Notes

Anyone loaning a phone that gets confiscated is taking the chance that the phone will be held by the administration for a period of time.

>    Example:  If Student A loans a cell phone to Student B and Student B gets the cell phone taken away as his/her third offense, Student A's cell phone will be held for the remainder of the semester, and Student B will serve 2 days of ISS.

If a student refuses to relinquish the cell phone to a school or district staff member, the parent will be contacted and suspension can occur.

The staff of LaRue County High School is not responsible for cell phones that are brought to and/or confiscated at the school.

## B.    THE SEARCH OF PLAINTIFFS' CELLULAR TELEPHONES

11.    The Photographs which were stored in the Plaintiffs' respective cellular telephones were not immediately visible. Even assuming that school officials were familiar with the menu structure on Plaintiffs' cellular telephones, several steps were required in order to view any of the

photographs stored on their respective telephones from the cellular telephones' main menu screen.

12.     The photographs later posted to, or otherwise disseminated upon internet web sites appeared exclusively on Plaintiffs' cellular telephones.

13.     The photographs were taken by the cellular telephones' built-in camera and were saved directly onto the cellular telephones.

14.     The photographs were never printed by the Plaintiffs.

15.     The photographs were never uploaded to the internet by the Plaintiffs.

16.     The photographs were never sent via email by the Plaintiffs.

17.     The Plaintiffs' did not take any of the photographs while on school property.

18.     The Plaintiffs did not share the photographs with other students.

19.     None of the photographs was visible on the screen of the cellular telephones.

20.     At all relevant times, each of the Plaintiffs intended that the photographs be seen only by herself and, perhaps, their long-time boyfriends.

21.     On information and belief, on one or more occasions between July 4, 2012, and October 19, 2016, the cellular telephones of the Plaintiffs, and those of other similarly situated students, were confiscated by school officials at LCHS pursuant to the Cell Phone/Media Device Policy outlined in its student handbook.

22.     Upon confiscation of the aforesaid cellular telephones by school officials, the students' cellular telephones were left in the custody and unfettered access of the Defendant, Stephen Kyle Goodlett, who was the Official of the Defendant, LaRue County School District, with final decision-making authority with respect to the confiscation, retention, search, disposition and/or return of a student's cellular telephone and the content thereof.

23.     LCHS had no policy or procedure in place to document the chain of custody of students' cellular telephones once confiscated, nor to document, monitor or protect the cellular telephones or the confidential matters stored therein while in the custody and control of school officials, including but not limited to the Defendant, Stephen Kyle Goodlett.  Rather, the Cell Phone/Media Device Policy adopted and enforced by school officials at LCHS expressly disclaimed any responsibility for any cellular telephone confiscated by school officials.  Further, based on information and belief, no sufficient training or supervision was provided by the Defendant, LaRue County School District, to the Defendant, Stephen Kyle Goodlett, or other LCHS officials, in regard to the confiscation, retention, search, disposition and/or return of a student's cellular telephone and the contents thereof, and particularly in regard to the constraints imposed by federal and state law.

24.     Based upon information and belief, while custody and unfettered control and access to the cellular telephones confiscated from the Plaintiffs, and similarly situated students, was relinquished by school officials to the Defendant, Stephen Kyle Goodlett, the said Defendant, Stephen Kyle Goodlett, acting in his official capacity as a school official and under color of state law, accessed, without the respective students' knowledge and permission, and pursuant to an illegal search thereof,   the personal content of the cellular telephones relinquished to his custody, including, but not limited to photographic images contained therein.

25.     Based on information and belief, upon accessing the personal content of the students' cellular telephones while those cellular telephones were in his custody and control, and while acting in his capacity as a school official at LCHS and under of color of state law, and without the knowledge or consent of the students, the said Defendant, Stephen Kyle Goodlett,

transferred personal and private photographic images from the cellular telephones of the Plaintiffs, and those of similarly situated students, to thumb drives owned by him and/or LCHS.

26.     Based on information and belief, upon transferring personal and private photographic images from the cellular telephones of the Plaintiffs, and the cellular telephones of similarly situated students, and while acting in his capacity as a school official at LCHS and under color of state law, and without the knowledge or consent of the students, the said Defendant, Stephen Kyle Goodlett, uploaded the personal and private photographic images to one or more internet websites with the intent of trading for more images.

27.     Based on information and belief, at least one of the internet websites to which the Defendant, Stephen Kyle Goodlett, uploaded the personal and private photographic images of the Plaintiffs, and those of similarly situated students, was based in Russia and was called "Anon-ib," which stands for "anonymous image board."  Based on further information and belief, the aforesaid internet website is used to anonymously post photographs online.  Many of the photographs appearing on the said internet website are self-taken and depict nudity.  The photographs appearing on the said internet website are often accompanied by the first and last initial of the person in the photographs.

28.     Based on information and belief, the IP address of the computer responsible for uploading the images of the Plaintiffs, and those of similarly situated students, belonged to a Comcast Cable account registered to the Defendant, Stephen Kyle Goodlett.

C.  **THE PHOTOGRAPHIC IMAGES.**

29.     The bodies of the Plaintiffs, and similarly situated students, are fully covered in some of the photographs, but several of them depict partial or full nudity, including images of the exposed breasts, and vagina of a number of the students.

30.     The photographs of the Plaintiffs were taken by the Plaintiffs alone and it is believed that the vast majority of the photographs of other similarly situated students were also taken by them alone.

31.     The Plaintiffs never intended for anyone but themselves or, in some cases, their long-time boyfriends to see these very private and intimate photographs.

32.     The Plaintiffs have suffered great embarrassment and emotional distress arising from the fact that school administrators, including but not limited to, the Defendant, Stephen Kyle Goodlett, as well as unknown members of the general public, have seen the photographs and other images stored privately on their cellular telephones.

33.     The Plaintiffs, and similarly situated students, were unaware and could not with reasonable diligence have become aware, that the publication and dissemination of their private images were due to the actions of the Defendants until on or after October 13, 2016, when the Defendant, Stephen Kyle Goodlett, was arrested and post-arrest publicity revealed the connection of the Defendants to the unauthorized actions of the Defendants in the searching of their cellular telephones and publication and dissemination of their private images.

## COUNT I

**VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**
**(Unreasonable Search and Seizure)**

34.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

35.     Defendant, Stephen Kyle Goodlett, is a "person" within the meaning of 42 U.S.C. § 1983.

36.     Defendant, LaRue County School District, is a municipal entity and a "person" subject to liability for civil rights violations under 42 U.S.C. § 1983.  The LaRue County School District is liable for damages in this case because, (A) it had a custom, pattern and/or practice of tolerance or acquiescence in the misconduct alleged herein; (B) because final policymakers engaged in, adopted or ratified the misconduct at issue; (C) its own policies resulted in the violations of federal law as alleged herein; and (D) it provided no sufficient training or supervision to prevent the conduct alleged herein.

37.     Nothing about the Plaintiffs' conduct in the use to which their respective cellular telephones was being made at the time of the confiscation of the aforesaid cellular telephones would lead a reasonable person to believe that any of them was using their cellular telephones as a camera.

38.     Nothing about the Plaintiffs' conduct in the use to which their respective cellular telephones was being made at the time of the confiscation of the aforesaid cellular telephones suggested that their cellular telephones contained any type of contraband.

39.     The Plaintiffs, and each of the similarly situated students, have a reasonable expectation of privacy in the images stored on their respective cellular telephones.

40.     Nevertheless, despite a complete lack of reasonable suspicion, upon information and belief, Defendant, Stephen Kyle Goodlett, and/or other school officials at LCHS, acting under the color of state law in their capacity as public school officials, unreasonably and unlawfully searched the images stored on the cellular telephones of the Plaintiffs and similarly situated students.

41.     In so doing, Defendants,  Stephen Kyle Goodlett and the LaRue County School District violated the rights of the Plaintiffs and similarly situated students under the   Fourth

Amendment to the United States Constitution and 42 U.S.C. § 1983, and caused the Plaintiffs and similarly situated students to suffer the damages as hereinafter set forth.

## COUNT II

### VIOLATION OF TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972
### (20 U.S.C. § 1681(a) *et seq.*)

42.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

43.     The Defendant, LaRue County School District, receives federal financial assistance for its educational program.  Therefore, the Defendant, LaRue County School District, is subject to the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) *et seq.*

44.     The conduct of the Defendants, as aforesaid, constitutes discrimination and harassment as contemplated and prohibited by the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) *et seq.*

45.     For all Plaintiffs, and those similarly situated students, an "appropriate person" at the Defendant, LaRue County School District, had actual knowledge or the harassment and discrimination alleged by the Plaintiffs.

46.     The Defendant, LaRue County School District, acted with deliberate indifference to known acts of harassment and discrimination with relation to the Plaintiffs and similarly situated students prior to the acts toward the Plaintiffs and similarly situated students.

47.     The Plaintiffs, and similarly situated students, would not have been subjected to the harassment and discriminatory acts of the Defendant, LaRue County School District,

and/or the harassment and discriminatory acts of the Defendant, Stephen Kyle Goodlett, had the Plaintiffs, and similarly situated students, not been female students. Accordingly, the Plaintiffs, and similarly situated students, were denied educational opportunities on the basis of sex, and caused the Plaintiffs and similarly situated students to suffer the damages as hereinafter set forth.

## COUNT III

### VIOLATION OF ARTICLE I, SECTION 10
### OF THE KENTUCKY CONSTITUTION
### (Unreasonable Search and Seizure)

48.    Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

49.    Article I, Section 10 of the Kentucky Constitution guarantees the right of people to be free from unreasonable search and seizure.

50.    The conduct of the Defendants, Stephen Kyle Goodlett and LaRue County School District, as aforesaid, violated the rights of the Plaintiffs, and similarly situated students, under Article I, Section 10 of the Kentucky Constitution.

51.    As a result of the foregoing, the Plaintiffs and similarly situated students, have suffered the damages as hereinafter set forth.

## COUNT IV

### INVASION OF PRIVACY

52.    Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

53. The conduct of the Defendants, as aforesaid, constitutes an intentional intrusion upon the solitude in seclusion of the Plaintiffs, and other similarly situated students, and their private affairs and concerns, which is highly offensive to any reasonable person.

54. The conduct of the Defendants, as aforesaid, constitutes an unauthorized and offensive appropriation to the Defendants' use and benefit of the likeliness of the Plaintiffs, and other similarly situated students.

55. The conduct of the Defendants, as aforesaid, gave publicity to a matter concerning the private lives of the Plaintiffs, and other similarly situated students, of a kind that is highly offensive to any reasonable person and not a legitimate concern to the public.

56. As a result of all of the foregoing, the Plaintiffs, and similarly situated students, have suffered the damages as hereinafter set forth.

## COUNT V

### OUTRAGE

57. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

58. The conduct of the Defendants was so extreme and outrageous as to intentionally or recklessly cause severe emotional distress to the Plaintiffs, and similarly situated students.

59. As a result of all of the foregoing, the Plaintiffs, and similarly situated students, have suffered the damages as hereinafter set forth.

## COUNT VI

### LIBEL

60.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

61.     The conduct of the Defendants, as aforesaid, constitutes communication or publication of material tending to harm the reputation of the Plaintiffs, and similarly situated students, so as to lower them in the estimation of the community or to deter third persons from associating or dealing with them, such as to constitute a libel of the Plaintiffs, and similarly situated students.

62.     As a result of all of the foregoing, the Plaintiffs, and similarly situated students, have suffered the damages as hereinafter set forth.

## COUNT VII

### SCHOOL DISTRICT LIABILITY

63.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

64.     The actions of the Defendant, Stephen Kyle Goodlett, as alleged hereinabove, were undertaken by him while acting as an official, agent and/or employee of the Defendant, LaRue County School District, were undertaken under color of the authority vested in him by the Defendant, LaRue County School District, and were undertaken by him as the official of the Defendant, LaRue County School District, with final decision-making authority in regard to the confiscation, retention, search, disposition and/or return of a student's cellular telephone

and the contents thereof under the policy adopted by the Defendant, LaRue County School District.

65.     The actions of the Defendant, Stephen Kyle Goodlett, in conducting searches of students' cellular telephones while in his custody and control were known to other administrators and personnel at LCHS and were known, or were so widespread as with reasonable diligence should have been known to the Defendant, LaRue County School District, and, thus, were consistent with, and pursuant to, a custom of tolerance or acquiescence of such impermissible searches, and concomitant violation of student's federal rights such that said Defendant, LaRue County School District, is and should be liable for the results of the conduct of the said Defendant, Stephen Kyle Goodlett.

66.     The actions of the Defendant, LaRue County School District, in its failure to develop and enforce adequate policies and procedures for the confiscation, custody and control of student cellular telephones was such that it, or any reasonable policymaker, would have concluded that the plainly obvious consequence of its failure, as aforesaid, would be the deprivation of a student's federally protected rights, as were those of the Plaintiffs, and similarly situated students.

67.     The Defendant, LaRue County School District, failed to train its officials and administrators, including, but not limited to, the Defendant, Stephen Kyle Goodlett, as to the proper procedures for the confiscation, custody and control of student cellular telephones, and particularly the limitations thereupon imposed by federal and state law, such that it, or any reasonable policymaker, would have concluded that the plainly obvious consequence of its failure, as aforesaid, would be the deprivation of a student's federally protected rights, as were those of the Plaintiffs, and similarly situated students.

68.     In the hiring of the Defendant, Stephen Kyle Goodlett, and/or the promotion of the said Defendant, Stephen Kyle Goodlett, to the position of principal of LCHS, the Defendant, LaRue County School District, failed to adequately screen the background and other relevant history of the Defendant, Stephen Kyle Goodlett, and, had such an adequate screening been conducted, information would have been revealed such that no reasonable policymaker would have concluded that the Defendant, Stephen Kyle Goodlett, was appropriate for the position of the principal of LCHS.  Further, the Defendant, LaRue County School District, and any reasonable policymaker, would have concluded that the plainly obvious consequence of its hiring and/or promotion, without adequately screening the background and other relevant history of the Defendant, Stephen Kyle Goodlett, as aforesaid, would be the deprivation of a student's federally protected rights, as were those of the Plaintiffs, and similarly situated students.

69.     The actions and failure to act of the Defendant, LaRue County School District, as aforesaid, constitute a deliberate indifference by the Defendant, LaRue County School District, to the federally protected rights of the Plaintiffs, and similarly situated students.

70.     As a direct and proximate cause or result of the actions and inactions of the Defendant, LaRue County School District, as aforesaid, the Plaintiffs, and similarly situated students, have suffered the damages as hereinafter set forth.

## COUNT VIII

### DAMAGES

71.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

72.     As a direct and proximate result of the above referenced conduct, the Plaintiffs, and all similarly situated students, suffered, and will continue to suffer,  mental anguish, emotional suffering and inconvenience and embarrassment, as well as damage to their respective reputations and unlawful and unwarranted invasion of their privacy, all of which, individually and in the aggregate, exceed the minimum jurisdictional limit of this Court.  The Plaintiffs, on their individual behalf and on behalf of all similarly situated students, are entitled to recover the aforesaid damages caused by the Defendants' conduct, as aforesaid.

73.     The actions of the Defendants, as aforesaid, were so grossly negligent, intentional, oppressive and outrageous as to subject them to punitive damages, for all of which the Plaintiffs, on their individual behalf and on behalf of all similarly situated students, are entitled to recover.

## COUNT IX

### CLASS ACTION ALLEGATIONS

74.     Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as though set forth at length herein.

75.     Plaintiffs bring this class action on behalf of themselves and the following putative class, defined as:

> All students at LaRue County High School from 2012 through 2016, whose cellular telephones were confiscated by school officials at LaRue County High School; whose cellular telephones, once confiscated, were searched by school officials; and whose photographic images stored on said cellular telephones were transferred by LaRue County School officials to thumb drives or other storage devices and then uploaded to one or more internet websites without the students' knowledge or consent.

76.     The exact number of putative class members is not presently known, but, on information and belief, is in excess of 50.  The class is so numerous that joinder of all members is impracticable.

77.     There are common questions of law and fact that relate to, affect, and which are common to the class members.  These include without limitation:

A.      Whether the putative class member was a student at LCHS between 2012 and 2016;

B.      Whether the putative class member had their cellular telephone confiscated by officials at LCHS while a student there;

C.      Whether the putative class member's cellular telephone, once confiscated by officials at LCHS, was searched by officials of LCHS;

D.      Whether, following the search of their cellular telephones, the putative class member's photographic images was transferred by LCHS officials to storage devices and then uploaded to one or more internet websites without the putative class member's knowledge or consent;

E.      Whether the search of the putative class member's cellular telephone, and the subsequent dissemination of images taken pursuant to that illegal search, violated the Constitution of the United States and the Commonwealth of Kentucky, and Federal statutory and Kentucky common law.

78.     The relief sought is common to all members of the Class.

79.     The claims of the Plaintiffs, as proposed Class Representatives, are typical of the putative class in that the Plaintiffs, like putative class members, each had their cellular telephones confiscated by school officials at LCHS;  like putative class members, each had their cellular telephones searched by school officials at LCHS; like putative class members each had

their private and personal photographic images stored on their respective cellular telephones transferred from their cellular telephones to thumb drives or other storage devices by school officials at LCHS; like putative class members, each had their private and personal photographic images uploaded to one or more internet websites without their knowledge or consent; and like putative class members, each suffered damages.

80.     The Plaintiffs are able to, and will, fairly and adequately protect the interests of the putative class.  The attorneys for the Plaintiffs are experienced and capable in the field of complex litigation and civil rights litigation.

81.     This action is properly maintained as a class action under F.R.Civ.P. 23(b), in that the Defendants have acted on grounds generally applicable to the putative class, as are particularly described in numerical paragraph 73 hereof, and as further described throughout this Complaint, thereby making appropriate final compensatory, injunctive and/or declaratory relief with respect to the putative class as a whole.

82.     This action may, in addition to or in the alternative, be maintained pursuant to F.R.Civ.P. 23(b) because the prosecution of individual actions by putative class members addressing the subject matter of this action would present the risk of inconsistent or varying adjudications which would potentially establish incompatible standards of conduct governing the Defendants or which as a practical matter may be dispositive of non-party putative class members' interests or otherwise substantially impair or impede their ability to protect their interests.

83.      This action may, in addition to or in the alternative, be maintained pursuant to F.R.Civ.P. 23(b) because questions of law or fact common to the members of the class, specifically set forth hereinabove, predominate over any questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs, K.R.M., A.B.W., M.L.K., J.H.D. and M.A.M., on their own behalf and on behalf of all similarly situated students in the proposed class, pray for relief as follows:

1. For Judgment in favor of the Plaintiffs, on their own behalf and on behalf of putative class members, and against the Defendants, Stephen Kyle Goodlett and LaRue County School District, pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983 declaring that the actions of the Defendants violated the Fourth Amendment to the Unites States Constitution;

2. For Judgment in favor of the Plaintiffs, on their own behalf and on behalf of putative class members, and against the Defendants, LaRue County School District and Stephen Kyle Goodlett, pursuant to 20 U.S.C. § 1681(a);

3. For Judgment in favor of the Plaintiffs, on their own behalf and on behalf of putative class members, for all elements of damages that they have suffered;

4. For an Order requiring the Defendants, Stephen Kyle Goodlett and LaRue County School District, to identify all putative class members;

5. For Judgement in favor of each putative class member for all elements of damage that each may have suffered;

6. For Judgement awarding punitive damages as allowed by law;

7. Pre-judgment and post-judgment interest;

8. For an award of statutory attorneys' fees pursuant to 42 U.S.C. § 1988;

9.  For their costs herein incurred;

10. For a trial by jury; and

11. For any and all other relief to which they may appear entitled.

Respectfully Submitted,

/s/  *Joseph H. Mattingly III*

**JOSEPH H. MATTINGLY III**
**MATTINGLY & NALLY-MARTIN, PLLC**
Attorneys at Law
104 W. Main Street - P.O. Box 678
Lebanon, Kentucky 40033
(270) 692 – 1718
joe@mattinglylawoffices.com

and

**JUDE A. HAGAN**
Attorney at Law
105 West Main Street
Lebanon, Kentucky 40033
(270) 692-2161
jude@kylawoffices.com